IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE BOSTON CONSULTING GROUP, INC., a Massachusetts corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAMESTOP CORP., a Delaware corporation,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) C. A. No. 1:22-cv-00363 CJB<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, Plaintiff The Boston Consulting Group, Inc. ("Plaintiff") and Defendant GameStop Corp. ("Defendant") (each a "Party" and collectively the "Parties," as the case may be), by and through their respective counsel, agree that disclosure and discovery activity in the above-captioned action (the "Action") is likely to involve production of commercially sensitive, proprietary, or other valuable information of a non-public nature for which special protection from public disclosure, disclosure to opposing parties, disclosure to third-parties, and use for any purpose other than related to this litigation may be warranted; and

WHEREAS, the Parties agree that, pursuant to Fed. R. Civ. P. 26(c), the provisions of this Stipulation and [Proposed] Protective Order ("Order") are needed to prevent unnecessary disclosure or dissemination of confidential information.

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, by and through their undersigned counsel, and subject to the approval of the Court, as follows:

1. <u>Definitions</u>.

    (a) "Confidential Material" means any Discovery Material designated as "CONFIDENTIAL" that a Party believes in good faith is confidential or proprietary that is not generally known to others and (i) constitutes, contains, or reflects proprietary business information, competitively sensitive information, or information that is potentially invasive of an individual's privacy interests, or (ii) is not normally revealed to the public or third parties or, if disclosed to third parties, is such that a Party has required such third parties to maintain the information in confidence.

    (b) "Discovery Material" means information, document, or tangible thing of any kind provided in the course of discovery in the Action.

    (c) "Producing Party" means the Party disclosing Discovery Material.

    (d) "Receiving Party" means the Party receiving Discovery Material from the Producing Party.

    (e) "Restricted Material" means Confidential Material

2. <u>Scope</u>.  The scope of this Order shall be understood to encompass not only Restricted Material expressly designated as Confidential, but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony or oral conversations which reveal all or part of that information.

3. <u>Exclusions</u>.

    (a) This Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Discovery Material for any purpose.  Nothing herein shall: (i) prevent a Party from disclosing its own Restricted Material for any purpose; or (ii) impose

    any restrictions on the use or disclosure by a Party of Restricted Materials obtained lawfully by such Party independent of the Action, and not otherwise subject to confidentiality restrictions.

 (b) Restricted Material does not include any information that: (i) is generally known to the public at the time of disclosure other than as a result of a breach of this Order by the Receiving Party; (ii) was known to the Receiving Party prior to disclosure by the Producing Party as proven by the written records of the Receiving Party; (iii) is disclosed to the Receiving Party by a third party who did not obtain such information, directly or indirectly, subject to any confidentiality obligation; or (iv) is, and can be shown by dated documentation to be, independently developed or derived by the Receiving Party.  Specific Restricted Material will not be deemed to come under the above exceptions merely because it is embraced by or generally within the scope of more general information that is or becomes subject to the above exceptions.

 (c) If Restricted Material becomes generally known to the public after its disclosure by the Producing Party, it will cease to be treated as Restricted Material under this Order from and after the date it becomes generally known to the public as established by dated documentation (the "Publication Date"); provided, however, that nothing in this Order will relieve the Receiving Party from any liability, duty, or obligation incurred on or before the Publication Date.

4. <u>Manner of Designation of Restricted Material</u>.

 (a) <u>Documents</u>.  A Producing Party may designate Discovery Material as Restricted Material by applying the legend "CONFIDENTIAL" to each page containing any

        Restricted Material. The failure to designate Discovery Material as "CONFIDENTIAL" does not constitute a waiver of such claim, and a Producing Party may so designate Discovery Material after such Material has been produced in accordance with Paragraph 8 with the effect that such Material is subject thereafter to the protections of this Order.

    (b)   <u>Depositions</u>. All transcripts and recordings of depositions shall be treated as Confidential Material for a period of 30 days following the deposition. Within that 30-day period, the Party who defended the deposition or otherwise controls the confidentiality of the testimony may designate the portions of the transcripts or recordings of depositions as "CONFIDENTIAL".

5.   <u>Treatment of Restricted Material</u>.

    (a)   <u>Confidentiality</u>. Any Restricted Material shall be maintained in confidence by any Receiving Party, and the Restricted Material (or any information derived from such Restricted Material) shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

    (b)   <u>Use</u>. All Restricted Material shall be disclosed and used by the Receiving Party in accordance with this Order only for purposes of the Action. It shall be the duty of each Party and each individual having notice of this Order to comply with this Order from the time of receiving such notice.

6. <u>Access to Restricted Material</u>.

   (a)   <u>Access to Confidential Material</u>. Provided that disclosure is not otherwise prohibited by this Order, the Receiving Party shall only disclose Confidential Material to:

      (i)   Its current employees, officers, partners, or directors;

      (ii)   Outside counsel for a Party who has been retained for legal services in connection with the Action regardless of whether such outside counsel has appeared as counsel of record;

      (iii)   In-house counsel of a Party;

      (iv)   Legal assistants, secretaries, litigation support services, staff, agents, or consultants working with or for counsel referenced in Paragraph 6(a)(ii) in connection with the Action;

      (v)   Legal assistants, secretaries, litigation support services, staff or agents and consultants working with or for counsel referenced in Paragraph 6(a)(iii) in connection with the Action;

      (vi)   Persons testifying as or expected to be deponents, trial witnesses, or hearing witnesses in the Action and counsel to such persons, provided that counsel for the Receiving Party has a good-faith basis for believing that such witnesses had access to or knowledge of information of a type that may be deemed Confidential, and provided that counsel for the Receiving Party ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel for the Receiving Party

|      | must immediately refrain from any further disclosure to such witnesses and must take reasonable steps to obtain the return of any Confidential Material in the possession of such witness; |
|------|---|
| (vii) | Any person identified as an author of a document, or any person to whom a copy of such document was sent prior to its production in the Action; |
| (viii) | Court officials, law clerks, and clerical personnel of the Court involved in the Action; |
| (ix) | Court reporting personnel involved in taking or transcribing testimony in the Action; |
| (x) | A mutually agreed upon and/or assigned mediator, if applicable, to assist in amicably resolving the Action; |
| (xi) | Outside consultants, financial advisors or experts retained for the purpose of assisting outside counsel on a Party's behalf in connection with this Action, subject to the requirements of Paragraph 11; |
| (xii) | Graphics, design, jury consultants, mock jurors, or other outside litigation services retained by a Party for purposes of the Action, subject to the requirements of Paragraph 11; |
| (xiii) | Persons who have been retained by a Party to provide translation or interpretation from one language to another, subject to the requirements of Paragraph 11; and |
| (xiv) | Any others as ordered by the Court or to whom the Producing Party has given written consent. |

7. <u>Court Filings</u>.  Any pleading, brief, memorandum, motion, letter, affidavit, exhibit, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Restricted Material shall be filed under seal in accordance with the provisions of District of Delaware Local Rule 5.1.3 and the Revised Administrative Procedures Governing Filing and Service by Electronic Means.  All such documents must be filed with a caption that indicates the document is being filed under seal pursuant to a protective order.  In addition, all such documents must be submitted in an envelope with a cover page containing the caption of the Action, and contact information of counsel for the party submitting the filing.  A redacted version of any document filed under seal must be publicly filed within seven days of the sealed filing.

8. <u>Other Proceedings</u>.   By entering this Order and limiting the disclosure of Discovery Materials in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's Restricted Material pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Restricted Material should be disclosed.

9. <u>No Waiver</u>.   The disclosure of Restricted Material pursuant to the terms of this Order shall not constitute a grant by the Producing Party to the Receiving Party of any right or license to any Restricted Material of the Producing Party. Nothing in this Order obligates either Party to disclose all or any part of its Restricted Material.  It is understood and agreed by the Parties that no failure or delay by a Producing Party in exercising any right, power, or privilege pursuant to this Order shall operate as a waiver thereof, nor shall any single or

partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege pursuant to this Order. If at any time a Producing Party determines or realizes that certain testimony or some portion(s) of Discovery Material that it previously produced should be designated as "CONFIDENTIAL," the Producing Party may apprise the Receiving Party in writing, and such designated testimony or portion(s) of Discovery Material will thereafter be treated as Restricted Material under the terms of this Order, provided, however, that the Producing Party shall, at its cost, provide the Receiving Party with substitute copies, bearing the legend "CONFIDENTIAL" on any such Discovery Material at which time the Receiving Party shall promptly return to the Producing Party the copies of such substituted Discovery Material. Entry into this Order and/or producing Restricted Materials pursuant hereto shall not prejudice in any way a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

10. <u>Objections to Designation</u>. In the event that a Receiving Party objects to any designation of testimony or Discovery Material as "CONFIDENTIAL," the Receiving Party shall follow the provisions of Paragraph 6(g) of the Court's Scheduling Order (D.I. 32) in the Action, or such other discovery dispute resolution procedure that the Court may prescribe.

11. <u>Use by any Professional Firm or Individual Retained in Connection with the Related Actions</u>. Counsel for the Party retaining any recipients listed in Paragraphs 6(a)(xi), (xii), (xiii), and (xiv) (collectively the "Permitted Recipients" and each a "Permitted Recipient"), shall provide a copy of this Order to the Permitted Recipient or a representative of the Permitted Recipient, and the Permitted Recipient or a representative of the Permitted

Recipient must execute a Non-Disclosure Declaration in the form annexed as Exhibit A hereto prior to the Permitted Recipient receiving any Restricted Materials. For the avoidance of doubt, a professional firm or individual may execute a single copy of Exhibit A on behalf of their employees, assistants, staff, etc.

12. <u>Third-Party Beneficiaries</u>. Third parties that produce documents pursuant to a subpoena or otherwise respond to discovery requests in the Action shall have the right to enforce the terms of this Order, as necessary to, *inter alia*, protect the confidentiality of the Restricted Material they produce.

13. <u>Enforcement Pending Entry</u>. The Parties agree to be bound by the terms of this Order pending the entry of this Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order has been entered by the Court. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom.

14. <u>Inadvertent Disclosure</u>. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to a Party is nevertheless inadvertently produced (the "Inadvertently Disclosed Information"), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a Producing Party makes a claim of inadvertent disclosure, the Receiving Party shall, within seven days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. The

      Receiving Party may move the Court for an Order compelling production of Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production, and shall not describe or disclose the contents of the Inadvertently Disclosed Information beyond the description or disclosure set forth on a privilege log. The Producing Party retains the burden of establishing the privileged or protected nature of the Inadvertently Disclosed Information.

15. <u>Disposition of Restricted Material</u>. Within 60 days of a written request made after (i) settlement; or (ii) receiving notice of the entry of an order, judgment, or decree; finally disposing of or resolving all proceedings among the Parties hereto, including the exhaustion of all possible appeals and other review, all persons having received Restricted Material shall take reasonable steps to either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Restricted Material and certify that fact to the Producing Parties. Restricted Material that has been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files. This Paragraph applies to Restricted Material only, and does not require that outside counsel for the Parties return or destroy their case files, work product or correspondence.

16. <u>No Amendment</u>. This Order shall not be amended, changed, or modified except as otherwise ordered by the Court.

17. <u>Headings</u>. Headings contained in this Order are for reference purposes only and shall be given no weight in the constructions of this Order.

**[SIGNATURES ON NEXT PAGE]**

| | |
|---|---|
| Dated: July 25, 2022 | */s/ Thomas A. Uebler* |
| Of Counsel: | Thomas A. Uebler (#5074) |
| | Joseph L. Christensen (#5146) |
| Edward Totino (*pro hac vice*) | MCCOLLOM D'EMILIO SMITH UEBLER LLC |
| Nancy Nguyen Sims (*pro hac vice*) | 2751 Centerville Road, Suite 401 |
| Michael T. Boardman (*pro hac vice*) | Wilmington, Delaware 19808 |
| BAKER & MCKENZIE LLP | Tel: (302) 468-5960 |
| 10250 Constellation Blvd. | tuebler@mdsulaw.com |
| Suite 1850 | jchristensen@mdsulaw.com |
| Los Angeles, California 90067 | awaskie@mdsulaw.com |
| Tel: (310) 201-4728 | |
| Fax: (310) 201-4721 | *Attorneys for Plaintiff* |
| edward.totino@bakermckenzie.com | *The Boston Consulting Group, Inc.* |
| nancy.sims@bakermckenzie.com | |
| michael.boardman@bakermckenzie.com | |

SO ORDERED, this <u>26th</u> day of <u>July</u>, 2022.

<u>*Christopher J. Burke*</u>
Christopher J. Burke
United States Magistrate Judge

MDSU W0310518.v1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE BOSTON CONSULTING GROUP, INC., a Massachusetts corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>GAMESTOP CORP., a Delaware corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) C. A. No. 1:22-cv-00363 CJB<br>)<br>)<br>)<br>)<br>)<br>) |

### NON-DISCLOSURE DECLARATION

I,_____, declare under penalty of perjury, the following:

I have read the annexed Stipulated Protective Order dated _____ (the "Order") in the above-captioned action (the "Action").

I understand the terms of the Order and agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of the Order. I further agree not to disclose or use any Restricted Material (as defined in the Order) or the contents of such Restricted Material for purposes other than those permitted under the Order.

As soon as practical after the termination of the Action, but no later than 60 days after final termination of the Action (as described in Paragraph 15 of the Order), I shall either destroy or return all Restricted Material provided to me in connection with the Action to the party that provided such Restricted Material, and all copies, excerpts, summaries, notes, digests, abstracts, indies, and the like relating to such Restricted Material.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Dated: _____

By: _____

_____, 2022